UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA CROWDER HITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22 CV 1374 RWS |
| ) | |
| SYMETRA LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant, ) | |

## **MEMORANDUM AND ORDER**

Defendant Symetra Life insurance Company denied Plaintiff Laura Crowder Hitz's claim for long-term disability benefits after concluding that her claim was barred as a pre-existing condition under the terms of Symetra's benefits plan.  Hitz filed this lawsuit alleging that the denial of benefits violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B).  Symetra moved for a judgment based on the administrative record under Federal Rule of Civil Procedure 52.  I will grant Symetra's motion for a judgment in its favor because the evidence establishes that Hitz's claim is barred based on the pre-existing condition exclusion clause of the long-term disability plan.

### *Background*

On January 31, 2019, Plaintiff Hitz became employed as a full-time commercial truck driver for C.R. England, Inc.  [ECF Doc. # 41-13 at 70-71]  The

last day she worked was on May 7, 2019.  [Id. at 41-14 at 65]  Hitz claims that she was injured when a co-driver assaulted her at work.[1]  [Id. at 41-13 at 81]  England investigated Hitz's allegation and but could not substantiate Hitz's complaint.  [Id.]  Hitz claimed that because of the assault she was totally disabled due to neck and back problems.  [Id. at 41-14 at 65]  Hitz asserts that her date of disability began on May 8, 2019. [Id.][2]  Hitz's employment with C.R. England was terminated on May 23, 2019. [Id. at 41-13 at 81]

C.R. England provided its drivers with long-term disability insurance through Defendant Symetra.  Hitz filed a claim with Symetra for long-term disability payments.  On December 18, 2019, Symetra denied Hitz's claim based on a finding that Hitz's back and neck injuries were pre-existing conditions and excluded from coverage.  [ECF Doc. # 41-14 at 64-69]  Hitz appealed Symetra's decision.  On July 15, 2020, Symetra denied Hitz's appeal.  [Id. at 41-13 at 79-84]  Hitz then filed the present lawsuit seeking to receive benefits under Symetra's plan.  Hitz's main contention is that an MRI of her back relied upon by Symetra in the denial of her claim was misdated by a medical facility.  She asserts that the

---

[1] Hitz asserted a co-worker driver kicked her in the neck and back.  [ECF Doc. # 41-2 at 25]
[2] Hitz has made conflicting statements about when she sustained her injury.  A medical record dated June 19, 2019 from Mercy Hospital in Springfield, Missouri indicated that she was hurt on the job when she was assaulted by a co-worker driver.  Hitz claimed that the injury happened "near the end of May to the beginning of June."  [ECF Doc. # 41-3 at 76]  However, Hitz did not return to work after May 8, 2019 and her employment was terminated on May 23, 2019.

MRI was taken in June 2019 but mistakenly was dated April 2019.

*Findings of Fact*

Symetra's long-term disability plan states that the effective date of coverage begins 60-days after an employee's continuous employment begins. [ECF Doc. # 41-1 at 7]  Hitz employment began on January 31, 2019 and she qualified for long-term disability coverage 60 days later on April 1, 2019.  [Id. at 41-13 at 70]  Hitz applied for long-term benefits based on her neck and back problems asserting that her disability began on May 8, 2019.

Symetra's insurance plan contains the following pre-existing condition exclusion:

> WHEN WILL WE COVER A DISABILITY DUE TO A PRE-EXISTING CONDITION?
>
> We will cover your disability if it is caused by, contributed to by, or results from a pre-existing condition and your disability begins after you have been insured for 12 consecutive months after the effective date of your coverage. If you do not meet this time period requirement, your disability is excluded from coverage under this plan.
> Pre-existing condition is a sickness or injury for which you received treatment within the 12 months prior to your effective date of coverage.
> Treatment includes:
> ☐ consulting with a doctor
> ☐ receiving care or services from a doctor or from other medical professionals a doctor recommends you see
> ☐ taking prescribed medicines
> ☐ being prescribed medicines

3

☐ you should have been taking prescribed medicines but chose not to
☐ receiving diagnostic measures.

[ECF Doc. # 41-1 at 27]

The plan provides that a disability that is caused by, contributed to by, or results from a pre-existing condition will not be covered if the insured received treatment for that condition within 12 months prior to the effective date of coverage. The plan defines treatment to include: consulting with a doctor; receiving care for the condition from a doctor or other medical professional; taking prescribed medicines for the condition; and being prescribed medicines but failing to take them. [Id.] If an insured makes a claim under the plan within the first 12 months of coverage, the claim is subject to a review under the pre-existing condition provision of the plan. [Id.]

Hitz's claim for disability benefits was made 38 days after she became covered under the plan. As a result, Symetra conducted a review of Hitz's medical records from April 28, 2018 through December 3, 2019[3] to determine if her claim was based on a pre-existing condition. The twelve month look-back period was April 1, 2018 through March 31, 2019.

Upon receipt of Hitz's medical records, Symetra obtained a review of the

---

[3] Symetra reviewed medical records for several months past Hitz's effective coverage date of April 1, 2019 to see if the records contained information indicating that Hitz's claim was based on a pre-existing condition.

4

records by a clinical consultant to determine whether Hitz had been treated for chronic neck and back pain during the 12 months prior to her effective date of coverage, April 1, 2019.[4]  Hitz's medical records revealed that she had been treated for cervical and lumbar spondylosis[5] and chronic neck and back pain during the look-back period.  [ECF Doc. # 41-8 at 28]  Specifically, on December 13, 2018, Hitz's treating physician, Kunalpreet Singh Gugnani, M.D., treated Hitz for chronic neck and lower back pain.  Hitz reported that she had a history of a stress fracture in her lower back.  [Id. at 10]  An x-ray of the lumbar back was obtained at that visit that showed arthritic changes with a diagnosis of degenerative disc disease.  [Id. at 15]  Dr. Gugnani prescribed gabapentin, nabumetone, and turmeric root extract to treat this chronic condition.

On April 8, 2019, Hitz returned to Dr. Gugnani for a follow-up evaluation. Dr. Gugnani noted that Hitz had a history of degenerative disc disease, chronic lower back pain, and chronic neck pain.  [Id. at 15-16]  Dr. Gugnani refilled Hitz's

---

[4] The clinical consultant ultimately determined that Hitz's neck and back issues were pre-existing conditions. Moreover, Hitz's medical records did not support functional limitations based on her chronic neck and lower back pain.  [ECF Doc. # 41-15 at 1-2]   In addition, Hitz asserted in correspondence with Symetra in 2020 that she also suffered injuries to her feet from the assault which contributed to her disability.  Symetra had an additional independent review of Hitz's medical records by Dr. Umair Jabbar, board certified in internal medicine.  Dr. Jabbar noted that Hitz did not seek treatment for any foot condition until August 2019.  Dr. Jabbar concluded that there was no medical evidence to support Hitz's claim that Achillies tendonitis caused, contributed to, and or resulted in foot pain that led to Hitz stopping to work on May 8, 2019.  [ECF Doc. # 41-14 at 8]
[5] Spondylosis is a degenerative condition of the spine and usually involves the discs, ligaments and joints. It is also known as spinal osteoarthritis. Spondylosis commonly occurs in the neck (cervical spondylosis) or lower back (lumbar spondylosis).  In spondylosis, the discs between the vertebrae (spinal bones) lose their cushioning effect and the ligaments thicken.  https://www.gleneagles.com.sg/conditions-diseases/spondylosis/symptoms-causes

prescription for gabapentin.  On May 21, 2019, Hitz had a follow-up visit with Dr. Gugnani.  Hitz made the appointment due to "pain in her joints-mainly her spine." [Id. at 28]  Dr. Gugnani's notes indicated that Hitz had been diagnosed in December 2018 with degenerative disc disease, osteoarthritis of the cervical spine, arthritic changes to her lumbar spine, chronic neck pain, and chronic lower back pain.  [Id. at 27-28]  Hitz complained that her back pain was not well controlled.  Dr. Gugnani had previously referred Hitz to receive physical therapy but Hitz declined this course of treatment.  Dr. Gugnani had also referred Hitz to the Spine Pain Center in April 2019 who devised a plan of care for Hitz, including MRI imaging studies, but Hitz rejected this course of treatment too.  [Id. at 28]  The Spine Center's medical record indicates that Hitz has had spine pain dating back to 2015. [Id. at 41-10 at 84]   Dr. Gugnani noted that Hitz displayed inappropriate behavior and made inappropriate comments about her care and walked out of the May 21, 2019 appointment.  Dr. Gugnani imposed a formal office dismissal of Hitz as a patient based on a breakdown of the patient / physician relationship.  [Id. at 32]

Symetra denied Hitz's long-term disability claim based on the pre-existing conditions exclusion.  Symetra decision was based on Hitz's obtaining treatment and prescriptions from a physician to treat her chronic neck and back pain within

the 12-month period prior to the effective date of her coverage.  In filings with the Court, Hitz argues that Symetra improperly relied on an MRI dated April 2019 in denying her claim and that the MRI was actually taken in June 2019.  Hitz asserts that the mislabeling of the MRI falsely made it appear that her neck and back issues pre-existed her work injury in May 2019.  [ECF Doc. # 6, Complaint at 1-2] Nothing in the record supports Hitz's assertion that Symetra relied on this MRI in its decision to deny her claim.

### *Conclusions of Law*

Symetra stipulates that the terms of their long-term disability plan does not give Symetra discretionary authority in making claims determinations.  When an ERISA benefit plan lacks discretionary authority to determine the eligibility for benefits, a district court conducts a *de novo* review of a decision to deny benefits. Weyer v. Reliance Standard Life Ins. Co., 109 F.4th 1072, 1074 (8th Cir. 2024).

Symetra has filed the administrative record in this matter.  Hitz has filed several documents asserting that Symetra's review was improperly decided based on a mislabeled MRI.

After a *de novo* review of the record, I find that Symetra permissibly denied Hitz long-term disability benefits based on the terms of the plan.  It is undisputed that the plan contains a pre-existing conditions exclusion.  It is also undisputed that

Hitz had chronic neck and back pain conditions long before she began her employment with C.R. England. Hitz received treatment for her chronic neck and back pain during the look-back period. Symetra's decision to deny Hitz's claim based on the plan's pre-existing condition exclusion is supported by substantial evidence in the record. As a result, Symetra is entitled to a judgment in its favor based on a review of the administrative record in this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Symetra Life Insurance Company's motion for a judgment in its favor under Federal Rule of Civil Procedure 52 [38] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Laura C. Crowder Hitz's motion to unseal the documents Symetra filed in support of its motion [54] is **DENIED** because these records are replete with Hitz's personal identifiers and her medical records.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2024.